UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK N.A.,, <br> Plaintiff, <br> v. <br> CAROL A. BROWN, et al., <br> Defendants. | Case No. 17-cv-02854-JSW <br><br> **ORDER TO SHOW CAUSE RE COURT'S JURISDICTION** |

Federal courts have a duty to raise and decide issues of subject matter jurisdiction *sua sponte* at any time it appears subject matter jurisdiction may be lacking. Fed. R. Civ. P. 12; *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). It appears that this Court lacks jurisdiction to hear this matter.

On January 31, 2017, Plaintiff Wells Fargo Bank ("Plaintiff") filed a complaint for unlawful detainer in the Superior Court of the State of California for the County of Alameda ("Alameda County Superior Court") against Defendant Carol A. Brown and five "Doe" defendants. On May 17, 2017, Rudolph J. Davis (an individual who is not named as a defendant in Plaintiff's complaint) removed this action on the basis that "this Court has original jurisdiction under 28 U.S.C. § 1331 . . . in that it arises under U.S.C. 42 Deprivation of Rights." (Dkt. No. 1, Notice of Removal, at 1-2.)

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 7-8 (1983) (citation omitted); *see also* 28 U.S.C. § 1441(a). However, federal courts are courts of limited jurisdiction. *See, e.g.*, *Kokkonen*

*v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, the burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule.'" *Caterpillar Inc. v. Williams*, 482 U.S. 382, 392 (1987). The well-pleaded complaint rule recognizes that the plaintiff is the master of his or her claim. "[H]e or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* Thus, under the well-pleaded complaint rule, federal-question jurisdiction arises where the "complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd.*, 463 U.S. at 27-28.

This action is an unlawful detainer action and, thus, federal law does not create the cause of action. Moreover, the Court finds that the claim will not necessarily depend on the resolution of a substantial question of federal law, because Plaintiff need not prove compliance with any provision of Title 42 of the United States Code in order to establish its claim. *See, e.g.*, *Grable & Sons Metal Prods. v. Darue Eng. & Mfg.*, 545 U.S. 308, 314-15 (2005). To the extent Mr. Davis believes that a provision of Title 42 will be relevant or essential in mounting a defense to the unlawful detainer action, this is an insufficient basis for federal subject matter jurisdiction. *Franchise Tax Bd.*, 463 U.S. at 10, 14; *see also Caterpillar*, 482 U.S. at 393 ("[I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint and even if both parties concede that the federal defense is the only question truly at issue.").

It thus appears that this Court lacks subject matter jurisdiction to hear this matter, and that the action must be remanded back to Alameda County Superior Court. *See* 28 U.S.C. § 1447(c); *see also Maniar v. FDIC*, 979 F.2d 782, 785 (9th Cir. 1992).

Accordingly, the Court HEREBY ISSUES this order to show cause to Rudolph J. Davis to

respond in writing no later than **June 30, 2017** why this case should not be remanded to Alameda County Superior Court. In addition, Mr. Davis shall address why he has standing to remove this action when it appears he is not a named defendant. *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant* . . . ." (emphasis added)); *see also Tanha v. Macy's Inc.*, No. 12-cv-6471-SC, 2013 WL 1365953 (N.D. Cal. Apr. 3, 2013) ("Macy's West is not a party to this action and has no standing to remove Plaintiff's case under the removal statutes."). Should Mr. Davis fail to respond, this case shall be remanded for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated: June 14, 2017

_____
JEFFREY S. WHITE
United States District Judge